NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. SCHULTZ, JR., *et al.*, <br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br> Defendant. | Civil Action No.: 16-4415 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Midland Credit Management, Inc.'s Motion to Dismiss the Amended Complaint or, in the alternative, Compel Arbitration pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 14). Plaintiffs have submitted an opposition (ECF No. 21), which Defendant has replied to (ECF No. 26). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and declines to rule on Defendant's Motion to Compel Arbitration.

**I.    BACKGROUND**[1]

Plaintiffs Robert and Donna Schultz bring this putative class action alleging that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA"). (*See generally* ECF No. 10

---

[1] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

("Compl.")). Specifically, Plaintiffs allege that Defendant is a California based collection agency and is the business of collecting debts owed by various debtors to banks and/or institutions, which had previously extended the debtors some form of credit. (Compl. ¶¶ 5, 8-10, 12). Defendant performs such debt collection actions by utilizing regular mail, telephone calls, and/or emails. (Compl. ¶ 11).

On July 21, 2015, August 24, 2015, September 2, 2015, and October 23, 2015 Defendant sent letter to Plaintiff Robert Schultz attempting to collect outstanding debts from him. (Compl. ¶ 20). Additionally, on August 24, 2015 and October 23, 2015, Defendant sent Plaintiff Donna Schultz separate letters attempting to collect outstanding debts from her as well. All of the aforementioned letters contained the following language: "We are not obligated to renew this offer. We will report forgiveness of debt as required by [the Internal Revenue Services'] regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case." (Compl. ¶ 23).

This statement, Plaintiffs claim, "is false, deceptive and misleading." (Compl. ¶ 24). Plaintiffs allege that the "Department of Treasury regulations require an 'applicable entity to report a discharge of indebtedness over $600 to the Internal Revenue Services if an only if there has been an 'identifiable event,' subject to seven exceptions." (Compl. ¶ 25). According to Plaintiffs, their debts, and any settlement and/or discharge of same, are not subject to reporting to the Internal Revenue Services ("IRS"). (Compl. ¶ 34). Hence, Plaintiffs claim that Defendant's debt collection letters violate the FDCPA, because the statements contained therein are deceptive. (Compl. ¶¶ 26-33).

## II. LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

Plaintiffs' putative class action complaint asserts violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*, on behalf of themselves, as well as others who are similarly situated. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that

3

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and invasions of individual privacy." *Id.* § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC,* 709 F.3d 142, 148 (3d Cir. 2013). Accordingly, the Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 174 (3d Cir. 2015)(quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). "[W]hile the least sophisticated debtor standard protects naive consumers, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and *presuming a basic level of understanding and willingness to read with care.*'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)(quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000))(emphasis added). The Third Circuit has held that even the least sophisticated consumer is *"bound to read collection notices in their entirety."* *Compuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298-99 (3d Cir. 2008)(emphasis added).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)(citation omitted). Here, Plaintiff has sufficiently alleged three of the four elements (*see*

Compl. ¶¶ 7-13, 16-19, 26, 35, 48-52), and Defendant does not dispute the first three prongs have been sufficiently pled. At issue is the fourth prong: whether Defendant violated a provision of the FDCPA in attempting to collect a debt.

Plaintiffs allege that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), and 1692f, because Defendant's debt collection letters contained "deceptive" language. (Compl. ¶ 55). Section 1692f prohibits "unfair practices" and states in part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Meanwhile, section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including: falsely representing "the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), "threat[ening] to take any action that cannot legally be taken," *id.* § 1692e(5), or "us[ing] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

The Court disagrees with Plaintiffs' assertion that Defendant's letters were deceptive, or were otherwise violative of the FDCPA. A review of the statement clearly shows that Defendant made no affirmative statement of law, let alone a misstatement. Indeed, Defendant's letter explains that, in some occasions, settlement and/or discharge of debts may need to be reported to the IRS. Defendant's statements are also quite clear that reporting is not required in every scenario and that the statement may not be applicable to the reader of the letter, based on their own personal indebtedness.

Defendant does not threaten the reader of the letter with a legal action that cannot be taken, nor does the letter include any false or deceptive statements designed to enhance its ability to

collect the outstanding debt. Rather, Defendant's letter, when read in its entirety by the least sophisticated consumer, can only have one interpretation. That interpretation is simply that, in certain circumstances, debt settlement and/or discharge may be reportable to the IRS, not all settlements and/or discharges are reportable, and that the subject statement may not be applicable to the reader. These are all factual statements by Defendant and cannot, in any way, be considered unconscionable or unfair. Accordingly, the Court finds that the subject debt collection letter sent by Defendant to Plaintiffs did not violate the FDCPA. Therefore, Plaintiffs' have failed to state a claim upon which relief may be granted under the FDCPA.

Because the Court is dismissing Plaintiffs' Amended Complaint it declines to address the merits of Defendant's Motion to Compel Arbitration.

## **CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is hereby granted. An appropriate Order accompanies this Opinion.

DATED: May 31st, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE